414

In re David K. FRASER, Debtor.

Bankruptcy No. 2–95–00011.

United States Bankruptcy Court,
D. Connecticut.

July 21, 1995.

Theodore A. Lubinsky, Hartford, CT, for debtor.

Kenneth B. Kaufman, Asst. Corp. Counsel, City of Hartford, Hartford, CT, for City of Hartford.

Gilbert L. Rosenbaum, Chapter 13 Trustee, Hartford, CT.

*MEMORANDUM OF DECISION AND ORDER ON OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN*

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

The matter before the court is an objection by the City of Hartford (the City) to a provision in the Second Amended Chapter 13 Plan (the plan) of David K. Fraser (the debtor) which deals with real estate tax liens covering the debtor's commercial property located at 365–367 Albany Avenue, Hartford, Connecticut (the property). The tax liens, apparently representing three years unpaid taxes, total $17,712 (the tax claim) of which $15,463 is the tax principal, and $2249 is interest accrued on the principal at the statutory rate of eighteen percent per annum. *See* Conn.Gen.Stat.Ann. § 12–146 (West 1993).

The plan proposes to pay the tax claim monthly over a five-year term with interest at nine percent per annum on the principal only (i.e., $15,463), with no interest to be paid on the accrued interest (i.e., $2249). The City does not object to nine percent as the appropriate rate of post-confirmation interest, but contends post-confirmation interest should apply to the interest portion of the tax claim. The City relies on Code § 506(b) [1] to support its position, asserting the value of the property concededly exceeds the amount of the tax claim. The debtor responds that Connecticut statutory law does not authorize municipalities to charge tax payers with interest on interest for unpaid taxes, and the same result should obtain in a bankruptcy case.

### II.

The court concludes that the City's objection must be sustained, but not for the precise reason offered by the City. A condition for the debtor exercising his cramdown rights under Code § 1322(b)(2) [2] to pay the City's tax claim over the term of the plan is the requirement of § 1325(a)(5)(B) that (i) the creditor retain its lien securing the claim and (ii) "the value, as of the effective date of the plan, of property to be distributed under

---

1. Section 506(b) provides:
   (b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and

   any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

2. Section 1322(b)(2) provides that a plan may "modify the rights of holders of secured claims...."

the plan on account of such claim is not less than the allowed amount of such claim." Thus, the debtor must provide the City with payments equalling the present value of its preconfirmation tax claim. That is accomplished by payments aggregating the face amount of the allowed tax claim, plus interest at the appropriate discount rate over the payment period. The fact that the City's tax claim includes preconfirmation interest is of no significance. *See In re DeMaggio*, 175 B.R. 144, 147–150 (Bankr.D.N.H.1994) ("It needs to be emphasized that the § 506(b) issue deals only with the question of accrual of postpetition interest from the date of the chapter 13 filing to the effective date of a confirmed plan.... [I]f the claim is to be paid in installments over the life of the plan, the total of such payment must have a present value as of the effective date of the plan equal to the amount of the allowed secured claim."); *In re Clark*, 168 B.R. 280 (Bankr. W.D.N.Y.1994) (tax claim, including interest accrued postpetition to date of proof of claim, to be paid during term of Chapter 13 plan with interest based on discount rate).

### III.

The court, on June 21, 1995, confirmed the debtor's plan with the agreement of the debtor that if the court sustained the City's objection, the debtor would amend his plan appropriately and increase the amount of his plan payments. Accordingly, the City's objection to the debtor's plan is sustained, and the debtor shall have 14 days to submit an amended plan. It is

SO ORDERED.